Eric Rouen (242341)
**THE DOWNEY LAW FIRM, LLC** (*Of Counsel*)
297 Vardon Court
Ione, CA  95640
Tel:   (610) 324-2848
Fax:   (610) 813-4579
Email: rouenlaw@att.net

Daniel Rodriguez, Esq. (96625)
Noah Moss, Esq. (302621)
RODRIGUEZ & ASSOCIATES, A Professional Law Corp.
1128 Truxtun Avenue
Bakersfield, CA 93301
Phone: (661) 323-1400
Fax:   (661) 323-0132
Email: *dr@rodriguezlaw.net*
Email: *Noah@rodriguezlaw.net*

Attorneys for Plaintiff and the proposed Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERARDO ALVAREZ, on behalf of himself and on behalf of all other similarly situated individuals,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>PERFORMANCE FOOD GROUP, INC., a Colorado Corporation, PERFORMANCE FOODSERVICE, and DOES 1-10, inclusive;<br><br>　　　　　　　　Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE AND WAGE ORDERS, AND CALIFORNIA BUSINESS AND PROFESSIONS CODE §§17200, et seq., and PRIVATE ATTORNEY GENERALS ACT, Cal. Labor Code §§ 2698–2699.5**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff, Gerardo ("Gerry") Alvarez ("Plaintiff" on behalf of himself and all other similarly situated individuals, upon information and belief and the investigation of counsel, allege

- 1 –

as follows:

## INTRODUCTION

1. Plaintiff and Class Members are non-exempt, hourly employees who has worked for DEFENDANTS at their California production and transport facilities.

2. Plaintiff is, an at all times relevant hereto, has been a resident of California.

3. Performance Food Group, is, at all times mentioned herein, a Colorado corporation with the capacity to sue and be sued in California and doing business in California.

4. Defendant, Performance Foodservice, is, upon information and belief, at all times mentioned herein, a wholly owned Division of Performance Food Group, with facilities located throughout the state of California, including within the jurisdiction of the USDC for the Northern District of California in Hayward (Alameda County) and Berkeley (Alameda County) California.

5. Performance Food Group and Performance Foodservice are hereinafter collectively referred to as "Defendants".

6. This is a class action brought pursuant to California Code of Civil Procedure section 382 by Plaintiff on behalf of themselves and all others similarly situated current and former nonexempt hourly workers against Defendants to challenge their policies and practices within the applicable class period of (1) requiring their non-exempt employees to work substantial amounts of time without pay, including over time; (2) failing to provide their non-exempt employees with legally compliant meal and rest periods to which they are entitled by law at their plant(s) in California, (3) uniformly failing and refusing to pay Rest Period Premiums, (4) uniformly illegally rounding shift time and meal break time to benefit DEFENDANTS and its subsidiaries/co DEFENDANTS; (5) uniformly failing to pay rest break premiums to workers not provided with Rest Break; and uniformly failing to pay meal break premiums to workers whose meal breaks were interrupted to answer work related questions posed by supervisory personnel; (6) within the class period failing to provide legally compliant first and second meal breaks within the time limits called for under California law, failing to pay premiums within the class period for these same violations

CLASS ACTION COMPLAINT
Alvarez. v. Performance Food Group, and Performance Foodservice

7. Defendants through their officers, employees, and/or owners, controlled all policies and practices complained of herein.

8. The resultant illegal practices have adversely affected the pecuniary interests Plaintiff and Class Members and resulted in class wide violations of California law.

9. Plaintiff seeks full compensation on behalf of themselves and all others similarly situated for all unpaid wages, unpaid overtime, denied meal and rest periods, and waiting time penalties. Plaintiff further seek meal and rest break premiums, on behalf of themselves and the proposed California-law Classes, for DEFENDANTS' violations of the Labor Code and California Industrial Welfare Commission ("IWC") wage orders, as set forth below. Finally, Plaintiff seek reasonable attorneys' fees and costs under the California Labor Code, California Code of Civil Procedure § 1021.5, and/or other applicable law.

10. Plaintiff and Class Members were not provided with legal compliant meal and/or rest breaks. DEFENDANTS uniformly failed to pay wage premiums to Plaintiff and Class Members for on duty meal and rest breaks.

11. Furthermore, Plaintiff and class members were required by DEFENDANTS to answer work related questions after paid time had concluded and before paid time had begun, but were not paid overtime pay on days in which they worked 8 hours or longer and likewise were not paid for all time worked on days of less than 8 hours.

12. Upon information and believe, DEFENDANTS chose and implemented the time/attendance keeping system in use at all of its California facilities and controlled the meal breaks, rest break and pay policies at all of its California facilities.

13. DEFENDANTS's unlawful conduct has been widespread, repeated, and willful throughout their California facility(ies). DEFENDANTS knew, or should has known, that their policies and practices has been unlawful and unfair and were resulting in substantial pecuniary harm to their low hourly wage workers.

**JURISDICTION & VENUE**

14. Jurisdiction is founded on 28 U.S.C. sec. 1331 and/or 1332, as the parties are

completely diverse in citizenship and the amount in controversy exceeds $75,000. This court has supplemental jurisdiction over the state law claims asserted in this action under 28 U.S.C. sec. 1367.

15. Venue as to Defendants is proper in the Northern District as the Defendants routinely and habitually conduct business in Alameda County, and all illegal practices are in effect and adversely affecting Defendants' hourly work force at all of Defendants' facilities throughout California.

**CLASS ACTION ALLEGATIONS**

16. Plaintiff was formerly, and during the applicable period of limitations prior to the commencement of this action, employed by DEFENDANTS as non-exempt hourly employees at DEFENDANTS, California facilities. This matter is maintainable as a class action with a Class consisting of: "All individuals who are currently employed, or formerly has been employed, as nonexempt hourly employees at DEFENDANTS' facilities in California, at any time within four years prior to the filing of the original complaint until resolution of this action."

17. Common illegal policies of Defendants uniformly applied to Plaintiff and Class Members, includes:

- failure to pay for all hours worked;
- failure to pay all overtime wages owed;
- failure to afford legally-compliant meal and rest periods;
- failure to authorize payment of Rest Break premiums by all DEFENDANTS when legally compliant Rest Breaks were not provided resulting from the implementation of the time/attendance keeping system of DEFENDANTS as directed by DEFENDANTS;
- failure to authorize payment of meal break premiums or rest break premiums when meal and rest breaks for on duty meal and rest periods, resulting from the implementation of the time/attendance keeping system of DEFENDANTS as directed by DEFENDANTS;

- failure to authorize payment of meal break premiums when meal breaks did not start within 5 hours, when second meal breaks were not provided within 10 hours on of the start of shifts of 12 hours, or longer, not to pay meal break premiums to workers on shifts of between 10 and 12 hours to workers who had not signed meal break waivers, but who had not signed meal break waivers, waiving second meal breaks on shifts of between 10 and 12 hours resulting from the implementation of the time/attendance keeping system of DEFENDANTS as directed by DEFENDANTS;
- failure to pay all wages due and owing upon termination of employment resulting from the implementation of the time/attendance keeping system of DEFENDANTS as directed by DEFENDANTS;
- failure to issue legal compliant wage statements/pay stubs resulting from the implementation of the time/attendance keeping system and/or payroll systems of DEFENDANTS as directed by DEFENDANTS;
- illegally rounding of shift and meal break hours, to illegally benefit DEFENDANTS and all DEFENDANTS resulting from the implementation of the time/attendance keeping system of DEFENDANTS as directed by DEFENDANTS;
- failure to track required work performed by non-exempt hourly workers after paid hours.

18. Numerosity: Class Members are so numerous that joinder is impracticable. Although the exact number of Class Members is unknown to Plaintiff, Plaintiff avers, upon information and belief, that the Class includes thousands, if not tens of thousands, of employees.

19. Typicality: Plaintiff' claims are typical of the claims of the Class. DEFENDANTS' common course of conduct in violation of law as alleged herein has caused Plaintiff and Class Members to sustain the same or similar injuries and damages. Plaintiff' claims are thereby representative of and co-extensive with the claims of the Class.

20. Adequacy of Representation: Plaintiff is a member of the Class, does not has any

conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff and the Class are competent and experienced in litigating large employment class actions, including large minimum-wage and overtime class actions. Plaintiff will fairly and adequately represent and protect the interests of Class Members.

21. Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Each Class Member has been damaged and is entitled to recovery by reason of DEFENDANTS's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## FIRST CAUSE OF ACTION

**Failure to Pay Minimum Wages**

**(Against All DEFENDANTS)**

22. Plaintiff re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

23. During the applicable statute of limitations period through present, DEFENDANTS, and each of them, employed Plaintiff and Class Members as nonexempt hourly employees.

24. During the applicable statute of limitations period through present, DEFENDANTS, and each of them, paid Plaintiff and Class Members less than the applicable minimum wage for all hours worked.

25. Pursuant to Labor Code §§ 510, 558, 1194 and 1198, Wage Order No. 8-2001 and/or other applicable Wage Orders, and 8 CCR §11080, DEFENDANTS, and each of them, were obligated to pay Plaintiff and Class Members at least the minimum wage of $8.00 per hour for all hours worked during the applicable statute of limitations period through present.

26. Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover unpaid minimum ages, subject to proof at trial, plus interest at the legal rate (Civil Code §§ 3287 and 3289) and attorneys' fees and costs.

27. Pursuant to Labor Code §1194.2, Plaintiff and Class Members are entitled to recover liquidated damages in the amount of unpaid minimum wages proved at trial plus interest thereon.

28. Pursuant to Labor Code §558, DEFENDANTS, and each of them, are employers and/or persons acting on behalf of an employer, who violated, and who caused to be violated, Labor Code §§ 1194, *et seq.*, Wage Order No. 8 and/or other applicable Wage Orders, and 8 CCR §11080, among other provisions regulating hours and days of work, and are individually subject to civil penalties as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

29. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## SECOND CAUSE OF ACTION

### Failure to Compensate for All Hours Worked

### (Against All DEFENDANTS)

30. Plaintiff re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

31. California Labor Code §204 provides that wages for all work performed must be paid "twice during each calendar month, on days designated in advance by the employer as the regular paydays."

32. Plaintiff and the Class were required by DEFENDANTS to work without compensation for work they performed and moreover, were subject to an illegal rounding policy which worked to the benefit of all DEFENDANTS. Thus, Plaintiff and Class Members were

forced to perform work for the benefit of DEFENDANTS without compensation.

33. In violation of state law, DEFENDANTS knowingly and willfully refused to perform their obligations to provide Plaintiff and the Class with compensation for all time worked as required by California law. DEFENDANTS committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and the Class, with improper motives amounting to malice, and in conscious disregard of the rights of Plaintiff and the Class. Plaintiff and the Class are thus entitled to recover nominal, actual, and compensatory damages in amounts according to proof at time of trial.

34. As a proximate result of the aforementioned violations, Plaintiff and the Class has been damaged in an amount according to proof at time of trial. Pursuant to Labor Code § 218.5 and 218.6, Plaintiff and Class Members are entitled to an award of reasonable attorneys' fees and costs and to interest on all due and unpaid wages.

35. Pursuant to Labor Code §558, DEFENDANTS, and each of them, are employers and/or persons acting on behalf of an employer, who violated, and who caused to be violated, Labor Code §§ 1194, *et seq.*, Wage Order No. 8 and/or other applicable Wage Orders, and 8 CCR §11080, among other provisions regulating hours and days of work, and are individually subject to civil penalties as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

36. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## THIRD CAUSE OF ACTION

### Failure to Pay Overtime Wages

### (Against All DEFENDANTS)

37. Plaintiff re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

38. California Labor Code §510(a) provides as follows:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

39. The IWC Wage Order 8-2001(3)(A)(1), 8 Cal. Code Regs. §11080, states:

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible under [certain] conditions….

40. California Labor Code §1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

41. California Labor Code §200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of

- 9 –

time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

42. DEFENDANTS' across-the-board policy of requiring Plaintiff and the Class to perform substantial uncompensated work has been unlawful. As a result of this unlawful policy, Plaintiff and Class Members has worked overtime hours for DEFENDANTS without being paid overtime premiums in violation of the California Labor Code, IWC wage orders and other applicable law.

43. DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate Plaintiff and the Class for all premium wages for overtime work. As a proximate result of the aforementioned violations, DEFENDANTS has damaged Plaintiff and the Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

44. DEFENDANTS are liable to Plaintiff and the Class alleged herein for unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

45. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION

### Failure to Provide Legally-Compliant Meal and Rest Periods

### (Against All DEFENDANTS)

46. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

47. California Labor Code §§226.7 and 512 and the applicable IWC wage orders require DEFENDANTS to provide, duty free, meal and rest periods to their nonexempt, hourly employees. Labor Code §§226.7 and 512 and the IWC wage orders prohibit employers from employing an employee for more than five hours without a meal period of not less than 30 minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than 30 minutes. Section 226.7 and the applicable

wage orders also require employers to provide employees ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the 30-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

48. Under §226.7(b) and the applicable wage orders, an employer who fails to provide a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided. Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided.

49. Despite these requirements, DEFENDANTS has knowingly and willfully refused to perform their obligations to afford Plaintiff and the Class an opportunity to take legally compliant meal and rest periods. Moreover, even after eventually being released for a meal and/or rest period, Plaintiff and Class Members were still required to work, and thus were never afforded a full, uninterrupted 30-minute meal period. Additionally, DEFENDANTS continued to exercise control over Plaintiff and Class Members during meal and/or rest periods. DEFENDANTS has also failed to pay Plaintiff and the Class one hour of pay for each off-duty meal and/or rest period that they were not afforded. DEFENDANTS' conduct described herein violated California Labor Code §§226.7 and 512, and the applicable wage orders. Therefore, pursuant to Labor Code §226.7(b), Plaintiff and the Class are entitled to compensation for the failure to provide meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

50. Pursuant to Labor Code §558, DEFENDANTS, and each of them, are employers and/or persons acting on behalf of an employer, who violated, and who caused to be violated, Labor Code §§ 1194, *et seq.*, Wage Order No. 8 and/or other applicable Wage Orders, and 8 CCR §11080, among other provisions regulating hours and days of work, and are individually subject to civil penalties as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount

sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

51. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## FIFTH CAUSE OF ACTION

**Unpaid Wages and Waiting Time Penalties Pursuant to Labor Code §§201-203**

**(Against All DEFENDANTS)**

52. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

53. Labor Code §201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

54. Labor Code §202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

55. Labor Code §203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

56. Class Members have left their employment with DEFENDANTS during the statutory period, at which time DEFENDANTS owed them their unpaid wages. DEFENDANTS has willfully refused, and continue to refuse, to pay Class Members all the wages that were due and owing them upon the end of their employment. As a result of DEFENDANTS' actions, the Class has suffered and continues to suffer substantial losses, including lost earnings and interest.

CLASS ACTION COMPLAINT
Alvarez. v. Performance Food Group, and Performance Foodservice

57. DEFENDANTS' willful failure to pay Class Members the wages due and owing them constitutes a violation of Labor Code §§201-202. As a result, DEFENDANTS are liable to Plaintiff and Class Members for all penalties owing pursuant to Labor Code §§201-203.

58. Additionally, §203 provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due. Therefore, the Class is entitled to penalties pursuant to Labor Code §203, plus interest.

59. Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

60. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION

**California Wage Statement Class for Failure to Properly Itemize Pay Stubs**

**in Violation of California Labor Code §§226(a) and 226(e)**

**(Against All DEFENDANTS)**

61. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

62. At all times relevant to this Complaint, California Labor Code section 226 was in effect and provided (*inter alia*) that, upon paying and employee his or her wages, the employer must:

> furnish each of his or her employees … an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

63. Plaintiff believes, and therefore allege, that DEFENDANTS failed to furnish them, and all others similarly-situated, with proper and accurate itemized written statements containing

(without limitation):  all the hours that Plaintiff (and others similarly-situated) worked; gross wages earned; net wages earned; total hours worked; and due and owing meal- and rest-period premiums.

64. Plaintiff alleges that DEFENDANTS' failure to furnish him and his coworkers with proper itemized wage statements was done knowingly and intentionally, and that he (and others similarly-situated) suffered injury thereby.  Thus, under California Labor Code section 226(e), Plaintiff (and others similarly-situated) are "entitled to recover greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) [per employee]…"

65. Plaintiff is also entitled to, and seek on behalf of himself and all other similarly situated individuals, all reasonable attorneys' fees and costs of suit pursuant to Labor Code section 226(e).

## SEVENTH CAUSE OF ACTION

**Violation of California Business and Professions Code §§17200, *et seq*.**

**(Against All DEFENDANTS)**

66. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

67. California Business and Professions Code §§17200 *et seq*. (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

68. California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

69. Labor Code §90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to

comply with minimum labor standards.

70. Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, DEFENDANTS has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

    a. violations of Labor Code §204 pertaining to the payment of wages for all hours worked;

    b. violations of Labor Code §§510 and 1194 and IWC wage orders pertaining to overtime;

    c. violations of Labor Code §§226.7 and 512 and IWC wage orders pertaining to meal and rest periods; and

    d. violations of Labor Code §§201-203.

71. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§17200, *et seq*.

72. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§17200, *et seq*. Among other things, the acts and practices has taken from Plaintiff and the Class wages rightfully earned by them, while enabling DEFENDANTS to gain an unfair competitive advantage over law-abiding employers and competitors.

73. Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent DEFENDANTS from repeating their unlawful, unfair and fraudulent business acts and business practices alleged above.

74. As a direct and proximate result of the aforementioned acts and practices, Plaintiff

and Class Members have suffered a loss of money and property, in the form of unpaid wages that are due and payable to them.

75. Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sue on behalf of himself as well as others similarly situated. Plaintiff and the Class seek, and are entitled to, unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

76. Plaintiff herein take upon himself to seek enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing them to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

77. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Damages and restitution according to proof at trial for all unpaid wages, unpaid minimum wages, unpaid overtime, and other injuries, as provided by the California Labor Code;

2. For a declaratory judgment that DEFENDANTS has violated the California Labor Code and public policy as alleged herein;

3. For a declaratory judgment that DEFENDANTS has violated Business and Professions Code §§17200 *et seq*. as a result of the aforementioned violations of the Labor Code and California public policy protecting wages;

4. For preliminary, permanent and mandatory injunctive relief prohibiting DEFENDANTS, their officers, agents and all those acting in concert with them, from committing in the future the violations of law herein alleged;

5. For an equitable accounting to identify, locate and restore to all current and former employees the wages they are due, with interest thereon;

6. For an order awarding Plaintiff and Class Members compensatory damages,

including lost wages, earnings and other employee benefits and all other sums of money owed to Plaintiff and Class Members, together with interest on these amounts, according to proof;

7. For an order awarding Plaintiff and the Class civil penalties pursuant to the Labor Code provisions cited herein, with interest thereon.

8. For an award of reasonable attorneys' fees as provided by the California Labor Code; California Code of Civil Procedure § 1021.5; and/or other applicable law;

9. For an order appointing PLAINTIFF as class representatives and PLAINTIFF's counsel as class counsel;

11. For all costs of suit; and

12. For such other and further relief as this Court deems just and proper.

Respectfully submitted,
THE DOWNEY LAW FIRM, LLC

Dated: December 20, 2021

/s/ Eric Rouen
Eric Rouen
Counsel for the Plaintiff and the putative class

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demand a jury trial on all claims and issues for which Plaintiff are entitled to a jury.

Respectfully submitted,
THE DOWNEY LAW FIRM, LLC

Dated:  December 20, 2021

/s/ Eric Rouen
Eric Rouen
Counsel for the Plaintiff and the putative class

CLASS ACTION COMPLAINT
Alvarez. v. Performance Food Group, and Performance Foodservice